IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RODERICK L. MacKENZIE, and
SHARON V. MacKENZIE,

    Plaintiffs,

    v.

COMMISSIONER OF INTERNAL
REVENUE SERVICE of the United
States of America,

    Defendant.

CIV-S-04-0336 DFL/JFM

MEMORANDUM OF OPINION
AND ORDER

    Plaintiffs Roderick and Sharon MacKenzie seek an injunction preventing the Internal Revenue Service (IRS) from collecting an alleged deficiency in their 1998 taxes.[1] The IRS moves for summary judgment on the grounds that the court lacks subject matter jurisdiction and that plaintiffs are not entitled to equitable relief. Plaintiffs were given the opportunity to submit supplemental evidence to support their request for

---

[1] Plaintiffs also sought a declaratory judgment that the IRS's notice of deficiency and tax assessment were invalid; however, the court dismissed this claim for lack of jurisdiction. (6/23/2004 Order at 4-5.)

1

equitable relief.  Having reviewed this evidence, and for the reasons stated below, the IRS's motion is GRANTED.

I.

Roderick MacKenzie is an attorney with a law practice in Sacramento, California, and Sharon MacKenzie is the secretary and office manager of the practice.  (SUF ¶¶ 3-4.)  In April 2001, the IRS informed the MacKenzies of its intent to audit their 1998 tax return.  (Id. ¶ 7.)  Thereafter, in June 2002, the IRS sent the MacKenzies notice of an alleged deficiency in their 1998 taxes.  (Id. ¶¶ 17-18.)  The original notice was sent to plaintiffs' home address, despite plaintiffs' express instruction to the IRS to send all tax communications to their business address.  (Id.; Roderick Decl. ¶¶ 8-9, 18.)  The IRS also asserts that it sent a copy of the notice to Darryl Brown, who held a power of attorney from plaintiffs concerning their taxes and who was employed by plaintiffs at their business address.  (SUF ¶ 18; Lee Decl. Ex. J.)  Plaintiffs deny having received either notice.  (Roderick Decl. ¶ 21.)  Plaintiffs assert that they were uninformed of the tax deficiency until long after the time for petitioning for a redetermination of the deficiency had expired.[2]  (Id.)

Plaintiffs filed this action on February 18, 2004,

---

[2] A number of the facts cited above are disputed by the parties, including plaintiffs' actual notice of the tax deficiency.  (Mot. at 8-10.)  The court views the evidence in the light most favorable to the nonmoving party.  Devereaux v. Abbey, 263 F.3d 1070, 1074 (9th Cir. 2001) (en banc).

2

requesting an injunction – based on the allegedly misdirected notice of deficiency – preventing the IRS from collecting the deficiency in their 1998 taxes.

## II.

Under the Anti-Injunction Act, federal courts cannot hear suits brought "for the purpose of restraining the assessment or collection of any tax. . . ." 26 U.S.C. § 7421(a).  However, there are a number of statutory and judicial exceptions to this rule.  One exception comes into play when the IRS fails to send the taxpayer valid notice of a tax deficiency.  Id. § 6213(a).

Plaintiffs contend that the notice of deficiency sent to their home address was not valid because it was not sent to their "last known address," their business address.  In addition, plaintiffs assert that they did not receive actual notice of their tax deficiency through either the notice sent to their home address or the copy sent to their business address addressed to Darryl Brown.  Even if plaintiffs could prove these facts, such that an exception to the Anti-Injunction Act would apply, plaintiffs still must establish the normal prerequisites to injunctive relief to enjoin the collection of the disputed taxes. Cool Fuel, Inc. v. Connett, 685 F.2d 309, 313-14 (9th Cir. 1982). Accordingly, to prevail in this action, plaintiffs must show that they lack an adequate remedy at law and that irreparable injury would result in the absence of an injunction.  Id.  If a taxpayer has the ability to pay a disputed tax and then file a suit for a refund, the taxpayer has an adequate remedy at law.  Id. at 314.

3

To prove an inadequate remedy at law, a taxpayer must show that payment of the disputed tax would deprive him or his family of the "necessities of life." Jensen v. I.R.S., 835 F.2d 196, 198 (9th Cir. 1987). To accomplish this, the taxpayer must submit detailed evidence of his financial situation, including evidence of his income, assets, liabilities, and expenses, so that the court can determine his ability to pay. See id. at 198-99; Gibson v. United States, 761 F.Supp. 685, 691-92 (C.D.Cal. 1991); Hillyer v. C.I.R., 817 F.Supp. 532, 537-38 (M.D.Pa. 1993).

Plaintiffs provide little evidence of their financial situation besides listing their debts and making bare assertions that they cannot pay the disputed tax. Regarding their assets, plaintiffs acknowledge that they earned about $70,000 in 2003, but assert nevertheless that the family law practice lost over $15,000 during 2004. (Roderick Supplemental Decl. ¶ 6.) Plaintiffs' 2001 tax return shows an overall business loss of $22,457 and reports zero income, and their 2000 return reports an income of $11,184. (Roderick Decl. Ex. 11; Lee Decl. Ex. 11.) Plaintiffs assert by declaration that their income was $11,922 in 1999 and $13,537 in 2002. (Roderick Decl. ¶ 15.) Plaintiffs acknowledge that Roderick MacKenzie's mother gave him $7,500 to $8,000 each year from 1997 to 2003 and that he recently inherited $50,000 upon her death. (Id. ¶ 14.)

Plaintiffs also list a number of debts. They assert that they owe about $900 to Visa, $400 to Macy's, $3,500 to Lexis/Nexis, and $8,500 on their copier lease. (Lee Decl. Ex. 4

4

at 3-4.)  Also, plaintiffs owe about $21,000 to "Master Cards." (Id.)  Plaintiffs owe a former landlord of their office space about $127,000 in past rent, but they admit that Roderick MacKenzie pays this debt by providing the former landlord with legal services.  (Resp. to Def.'s SUF ¶ 25.)  They owe another former landlord of their office space $35,000, but they admit that they "pay on that when [they] can."  (Id. ¶ 26; Roderick Decl. ¶ 15.)  Finally, plaintiffs allegedly owe West Publishing about $69,000, but they are currently disputing this amount in litigation.  (SUF ¶ 27.)  Plaintiffs were able to pay $5,000 on their debt to West Publishing in 2004.  (Id.)

Plaintiffs fail to demonstrate the lack of an adequate remedy at law.  Plaintiffs owe the IRS $13,179.00 in back taxes plus $18,154.77 in penalties and interest.  (Def.'s SUF ¶ 35; Lee Decl. Ex. 9.)  Plaintiffs recently possessed sufficient funds to pay these sums.  According to plaintiffs, their family of three has been living off of approximately $20,000 a year.  However, they earned an extra $50,000 in income in 2003.  Plaintiffs do not account for how this additional income was spent.

In addition, plaintiffs admit that the family recently received $50,000 through an inheritance.  They assert that the money was used to sustain the family business in 2004.  (Roderick Supplemental Decl. ¶ 8.)  However, absent a showing that this choice was made out of necessity, it cannot forgive plaintiffs' duty to pay their taxes.  See Wood v. Sargeant, 694 F.2d 1159, 1161 (9th Cir. 1982) (noting that "the ruination of the

5

1 taxpayer's enterprise" does not justify a taxpayer's failure to
2 pay a disputed tax and seek his adequate remedy at law).

3   Even if plaintiffs could adequately account for the use of
4 these extra funds, plaintiffs still fail to provide an adequately
5 detailed picture of their overall financial situation so as to
6 provide a basis for determining their ability to pay.  The record
7 contains no information about plaintiffs' assets, including their
8 interest in stocks, bonds, savings accounts, or other liquid or
9 unliquidated assets.  For example, it appears that plaintiffs own
10 a home, but they do not inform the court of the equity they own
11 in that home.  (SUF ¶ 28.)  If this equity is reachable without
12 irreparable consequences, plaintiffs may be required to use that
13 equity to satisfy their tax debts prior to bringing a refund
14 suit; therefore, this information is essential to a determination
15 of plaintiffs' ability to pay.  See Shannahan v. United States,
16 47 F.Supp.2d 1128, 1144 (S.D.Cal. 1999) (declining to find that
17 plaintiffs' loss of their home would deprive them of the
18 necessities of life); see also Hillyer, 817 F.Supp. at 537
19 (finding that the loss of a home would cause irreparable injury
20 where there was evidence that plaintiffs would be homeless
21 without it).  Plaintiffs' decision to place their child in a
22 private school and pay school tuition cuts against their claim of
23 inability to pay.  (Roderick Decl. ¶ 15; Roderick Supplemental
24 Decl. ¶ 5.)  The amount of tuition is not provided.

25   Plaintiffs assert that their various debts prevent them from
26 paying the disputed taxes.  (Roderick Supplemental Decl. ¶¶ 5-6.)

6

However, the evidence does not support this assertion. Plaintiffs admit that many of their debts, including those connected to their business, are collected on a flexible basis or are disputed by them.  There is no evidence that plaintiffs will lose their business or home if they first honor their debt to the IRS.  At most, the evidence shows that plaintiffs have found it difficult to juggle their various financial responsibilities and have put the tax deficiency at the bottom of the list.  However, "[h]ardship in raising money with which to pay taxes is now common to all taxpayers."  Monge v. Smyth, 229 F.2d 361, 368 n.8 (9th Cir. 1956) (quotation omitted).  This hardship does not confer "equity jurisdiction on the courts to prevent collection by injunctive process."  Id.

    Because plaintiffs have an adequate remedy at law through a refund action, they cannot establish their entitlement to an injunction.  Therefore, the IRS's motion for summary judgment is GRANTED.

    IT IS SO ORDERED.

Dated: 24 May 2005

                                          /s/ David F. Levi
                                          DAVID F. LEVI
                                          United States District Judge